IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM DARREN HAYNES                                                                          PLAINTIFF

VS.                                                              CIVIL ACTION NO.: 3:19cv717-HTW-LRA

POLICE OFFICER CODY HAMILTON                                                           DEFENDANT

**ORDER**

This matter came before the Court on two Motions: the Defendant's Motion to Stay Proceedings [Doc. #17] and the Plaintiff's Motion to Provide More Information [Doc. #22]. This case involves a claim of excessive force. The Plaintiff, William Haynes, admits that the incident began when he shoplifted some items from the Wal-Mart store in Richland, and the Richland Police were called to apprehend him. A police chase ensued, which ended in Jackson, Mississippi, where Haynes left his car to hide in some tall grass. To find Haynes, the police officers used two dogs, one of which found Haynes. According to Haynes, the dog severely injured him, requiring an ambulance to take him to the emergency room.

As a result of this incident, Haynes was charged with felony fleeing/eluding an officer, resisting arrest, shoplifting, disregard of traffic control device, reckless driving, and driving while license suspended. At the time that the Motion to Stay was filed, the felony case was pending on the docket of the Rankin County Circuit Court, and the misdemeanor charges were pending on the docket of the Richland Municipal Court. The Defendant seeks a stay of these proceedings until the disposition of the criminal matters, based partly on *Heck v. Humphrey*, 512 U.S. 477 (1984). Haynes argues that the criminal charges and this case are not so interrelated as to require a stay. He has also contended that he was about to enter a guilty plea on all of the charges, although nothing in the record of this case suggests that the plea has been entered.

To some extent, the Court agrees with Haynes, particularly with regard to the Defendant's reliance on *Heck v. Humphrey*, 512 U.S. 477 (1994). That case held that a § 1983 case could not go forward where a favorable verdict to the Plaintiff would invalidate his conviction. A finding in this case that Haynes was subjected to excessive force would not invalidate his convictions for felony fleeing, shoplifting, or the driving offenses. Haynes was also charged, however, with resisting arrest. Under Fifth Circuit law, an excessive force § 1983 claim may be barred under *Heck* where the Plaintiff has been convicted of resisting arrest. The application of *Heck* will depend upon the facts; for example, whether the facts underlying the conviction for resisting arrest are "temporarily and conceptually" distinct from the facts underlying the claim of excessive force. *Thomas v. Pohlmann*, 681 F. App'x 401, 406-07 (5th Cir. 2017).

In this case, the facts are not sufficiently developed for the Court to determine, at this time, whether the Plaintiff's claims are barred by *Heck*. The parties' submissions indicate, however, that the Rankin County courts would dispose of the criminal cases in a short time after the Motion to Stay was filed. It is not known whether that has occurred, particularly in light of the current Covid-19 pandemic. The Court is of the opinion, therefore, that a short stay of the proceedings in this matter would benefit both sides, keeping in mind the potential Fifth Amendment problems that could be created if the Plaintiff had to testify in this case. For that reason, the Court will grant the Defendant's Motion to the extent that a brief stay will be ordered.

As to the Plaintiff's Motion to Provide More Information, Haynes appears to be notifying the Court that he met the Defendant during his stay at the University Medical Center for treatment of his injuries. The Court will grant the Motion under that assumption. If Haynes

seeks different, or additional relief, he should file another motion describing in more detail the relief that he seeks.

IT IS, THEREFORE, ORDERED that the Defendant's Motion to Stay Proceedings [Doc. #17] is hereby **granted**, and the proceedings in this matter are stayed until August 1, 2020. The Defendants must notify the Court within fourteen days of the disposition of the criminal charges pending against the Plaintiff, if that disposition occurs before August 1.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Provide More Information [Doc. #22] is hereby **granted**.

This, the 19th day of June, 2020.

                                        /s/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE