IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM DARREN HAYNES**                                          **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO.: 3:19CV717-HTW-LRA**

**POLICE OFFICER CODY HAMILTON**                           **DEFENDANT**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court regarding Plaintiff's failure to respond to an Order to Show Cause entered on July 7, 2020, by the undersigned Magistrate Judge [Doc. #25] requiring the Plaintiff, William Darren Haynes, to inform the Court by August 10, 2020, of his current mailing address. The Order was sent to Haynes at the mailing address that he provided to the Court, being 221 N. Timber Street, Brandon, Mississippi, 39042. An earlier Order staying this case [Doc. #23] was sent to that address on June 19, 2020. Both of those Orders were returned as undeliverable.

Haynes filed this case, and it was his responsibility to prosecute his claim. In the Court's earlier Order [Doc. #3, p. 2] filed October 8, 2019, Haynes was warned that his "[f]ailure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case." He was aware that it was his responsibility to inform the Court of any address changes. Haynes has failed to abide by the orders of this Court due to his failure to respond to the Order to Show Cause. He must be willing to prosecute his case in accordance with the rules of the Court.

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. See *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of all of the cases on its docket. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them. A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in this case supports such a finding. Haynes has obviously lost interest in pursuing this lawsuit, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against the Defendant.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b).

Haynes shall file any written objections to this Report and Recommendation within fourteen days of being served, or his case shall be dismissed without further notice. The parties are further notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; FED. R. CIV. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 1st day of October, 2020.

                                            s/ Linda R. Anderson
                                            UNITED STATES MAGISTRATE JUDGE